**NOT FOR PUBLICATION**

                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY

DAVID GASKINS,                      :
                                    :     Civil Action No. 09-1314 (JAG)
            Plaintiff,              :
                                    :
      v.                            :     **OPINION**
                                    :
DET. CAPT. M. FINES, et al.,        :
                                    :
            Defendants.             :

**APPEARANCES**:

Plaintiff pro se
David Gaskins
Sussex Correctional Facility
41 High Street
Newton, NJ 07860

**GREENAWAY, JR.**, District Judge

  Plaintiff David Gaskins, a prisoner confined at Sussex County Jail, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

  Now, this Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on November 2, 2007, Detective Orlando Robinson of the Paterson Police Department drafted an affidavit in support of a request for a search warrant, requesting to search (1) 516 River Street, 2nd floor, Paterson, New Jersey; (2) the person of David Gaskins; and (3) a 1991 Dodge van, with a specified license plate number.

The affidavit stated in substance that: (1) during the week of September 30, 2007, Detective Robinson was contacted by a reliable confidential informant who advised that (a) he/she could make a buy of a controlled dangerous substance from a black male who calls himself "Divine" who lives at 516 River Street, 2nd floor, Paterson, New Jersey, (b) "Divine" makes wholesale crack cocaine deliveries throughout the city of Paterson from his 1991 Dodge van, (c) the confidential informant has seen guns in the possession of "Divine," including a sawed-off shotgun and a handgun; (2) during the same week, the confidential informant was given money to make a controlled buy and (a) surveillance was set up next to 516 River Street, (b) a black male with dreadlocks was seen exiting the rear of the address, entering a 1991 Dodge van, and driving away, (c) at an undisclosed location away from 516 River Street, and out of the view of the surveillance, the

confidential informant purchased a controlled dangerous substance from the black male, (d) the confidential informant met Detective Robinson at a pre-arranged location and delivered the purchased CDS to him, (e) the confidential informant was taken to police headquarters, searched, and found to be free of contraband;
(3) during the week of October 14, 2007, (a) Detective Robinson determined that the 1991 van was registered to a Frankie Gaskins, residing at 163 12th Avenue, Paterson, New Jersey, and
(b) Detective Robinson accessed the New Jersey Department of Corrections website for photos of Frankie Gaskins or any other person with the surname Gaskins, and found a photo of Plaintiff David Gaskins, whom he believed to be the same person he had observed during the surveillance of September 30, 2007;
(4) during the week of October 21, 2007, Detective Robinson surveilled 516 River Street, where he observed Plaintiff exit the rear of the address, get into the driver's seat of the Dodge van, and meet with drug dealers in various locations; after each such meeting, Plaintiff was observed returning to 516 River Street;
(5) during the week of October 28, 2007, Detective Robinson observed Plaintiff enter the rear door of the 516 River Street property, proceed up the stairs while the door was open, and stand on the balcony making a cell phone call.

    Facially valid search warrants were issued, pursuant to the application, on November 2, 2007, and were executed on November

5, 2007.  Various controlled dangerous substances, drug paraphernalia, and guns were seized at 516 River Street.

Plaintiff alleges that there was not probable cause for the searches.  Specifically, the police failed to independently corroborate the information from the confidential informant by obtaining records from the electric company, the phone company, or the Department of Motor Vehicles.  Further, the police failed to arrange for a second controlled buy of drugs.

Plaintiff further alleges that the confidential informant during the sole controlled buy.  Plaintiff also alleges that the confidential informant's physical description of the alleged drug dealer was too vague to establish probable cause.[1]  Plaintiff avers that Detective Robinson showed the confidential informant only one photograph of a suspect, the picture of Plaintiff obtained from the New Jersey Department of Corrections website.

Plaintiff alleges no facts describing his arrest.  He does attach a partial copy of a police report (page 4 of 4) which states, in pertinent part, that "[a] total of $1027.00 was confiscated from the right front cargo pants pocket of David," and "David Gaskins also, had a Sheriff Warrant for his arrest for violating the SLAP program.  David was charged accordingly then taken to the cellblock (booking) for further processing."  The

---

[1] Plaintiff does not allege any false statement or other deceit in connection with the preparation of the affidavit.

report is signed by Det. Capt. M. Finer, Det. Lt. R. Reid, Det. Sgt. W. Griffin, Det. R. Altmann, Det. E. Taylor, Det. M. Sykes, Det. C. Robinson, and Det. O.J. Robinson.  A signature block for Det. W. Palomino is left blank.  All of these officers are named as defendants in the Complaint.

The Complaint further asserts that each of the defendants "participated in [Plaintiff's] arrest, malicious prosecution, bias, prejudice, racial profile, emotional distress, doctrine of obligation, moral turpitude, libel and slander as the media printed in the newspapers."  A criminal case related to these events is pending in the Superior Court of New Jersey.  Plaintiff seeks all appropriate relief.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252 F. App'x 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

7

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.   False Arrest Claim

The Fourth Amendment to the Constitution of the United States, made applicable to the States by the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643 (1961), provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly

>      describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend IV.

In the Third Circuit, an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Super. Ct. Law Div. 1992)).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to

prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman). Indeed, the Supreme Court of the United States recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 549 U.S. 384, 388 (2007). Any such false imprisonment ends as soon as the arrestee is detained pursuant to legal process. Id. at 389.

Here, Plaintiff does not allege facts sufficient to state a claim for false arrest or for false imprisonment, pursuant to that arrest. To the contrary, he describes a course of investigation including an initial tip from a confidential informant, a controlled buy, personal observations by the officer affiant, investigation of the vehicle, and searches that yielded

10

controlled dangerous substances and guns in the apartment where Plaintiff had been observed as well as large amounts of cash on Plaintiff's person.[2]

The facts alleged by Plaintiff as preceding his arrest are sufficient to establish probable cause for arrest.[3] Plaintiff has failed to state a claim for false arrest or false imprisonment.[4] Cf. Jordan v. Edison City Police Department, No. 08-5855, 2009 WL 564229 (D.N.J. March 5, 2009) (police may have probable cause for arrest even where some evidence was obtained pursuant to allegedly unconstitutional search).

B.   Unlawful Search Claim

Plaintiff alleges that there was not probable cause to issue the search warrants and that, therefore, the searches violated his right under the Fourth Amendment to be free from unreasonable searches.

---

[2] This Court expresses no opinion as to whether the challenged searches complied with the Fourth Amendment, see § IV.B., infra, or whether the evidence obtained from those searches is admissible in the pending criminal proceedings.

[3] Plaintiff alleges that he is awaiting trial on charges arising from this arrest, although he does not enumerate the charges. This Court notes a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. See Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).

[4] This Court, of course, expresses no opinion as to whether there is evidence sufficient to sustain a conviction.

"A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." <u>U.S. v. Jacobsen</u>, 466 U.S. 109, 113 (1984) (footnote and citations omitted).[5] The Supreme Court has set forth a "totality of the circumstances" approach to determining whether a search warrant is supported by probable cause. <u>See generally</u> <u>Illinois v. Gates</u>, 462 U.S. 213 (1983). In most cases, "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope[, ...] there is no police illegality ... . It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable cause determination or his judgment that the form of the warrant is technically sufficient. '[O[nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.'" <u>U.S. v. Leon</u>, 468 U.S. 897, 920 (1984) (citation omitted).

---

[5] This Court notes that Plaintiff has not alleged a possessory interest in either the van, which is allegedly titled in the name of another individual, or the apartment at 516 River Street. For purposes of this discussion, however, this Court need not determine whether Plaintiff possesses a reasonable "expectation of privacy," with respect to the van and the apartment, that is entitled to Fourth Amendment protection.

Thus, "'searches pursuant to a warrant will rarely require any deep inquiry into reasonableness,'" Illinois v. Gates, 462 U.S. at 267 (WHITE, Jr., concurring in judgment), for 'a warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.' Nevertheless, the officer's reliance on the magistrate's probable cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable, and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." U.S. v. Leon, 468 U.S. at 922 (citations and footnote omitted). See also Franks v. Delaware, 438 U.S. 154 (1978) (setting forth the standard for determining the validity of a search warrant where there is an allegation that the supporting affidavit contains materially false statements).[6]

"[T]he same standard of objective reasonableness that we applied in the context of a suppression hearing in Leon, defines

---

[6] Under Franks and its progeny,

> the plaintiff must prove, by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause.

Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997) (citations omitted).

13

the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest. Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, Leon, [468 U.S.] at 923, 104 S.Ct., at 3421, will the shield of immunity be lost." Malley v. Briggs, 475 U.S. 335, 344-45 (1986) (footnote omitted).

Here, Plaintiff alleges no impropriety in the presentation of the affidavit or the execution of the warrant. He does, however, assert that the affidavit is objectively insufficient to establish probable cause. Under the rules of Leon and Malley, the qualified immunity of the defendants is dependent, at least in part, upon a determination of whether the affidavit was sufficient to establish probable cause for the search warrants.

Because the charges against Plaintiff remain pending, and because the allegations of the Complaint suggest that the evidence obtained in the challenged searches may affect the disposition of those pending criminal charges, this Court will stay the claim for unlawful search in violation of the Fourth Amendment, pending resolution of the criminal charges. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of

14

the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")).

The factors to be considered in deciding whether to grant a stay of a civil case, where there are pending criminal proceedings, include:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998) (citation omitted).

Here, the test to be applied to the constitutionality of the search warrant, in both the civil and criminal cases, is identical. Plaintiff is awaiting trial; and there is no discernible prejudice to Plaintiff arising from a stay. Any burden on defendants arising from a stay can be minimized by serving the Complaint at this time, in order to alert the defendants to the pendency of the action and the concomitant need to obtain counsel and to preserve evidence and witnesses.

Finally, the interests of the court and the public interest are served by permitting the state criminal court, in the first instance, to determine the constitutionality of the searches. Cf. Younger v. Harris, 401 U.S. 37 (1971) (it is not generally

15

the role of the federal courts to interfere in pending state judicial proceedings; a federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings).

Should Plaintiff wish to proceed with this action following disposition of the pending criminal matter, he must notify this Court, in writing, within 60 days following entry of judgment, in the trial court, in the pending state criminal matter.

C.   Malicious Prosecution Claim

In order to state a prima facie case for a § 1983 claim of malicious prosecution, pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp. 2d 380, 393 (D.N.J. 1999).

Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).

16

A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994). Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding. Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, Plaintiff has alleged that only one defendant, Detective Orlando Robinson, was involved in the investigation or in the preparation of the search warrant application. Thus, the Complaint fails to allege that any of the other officers participated in the institution of the criminal action against Plaintiff, an essential element of a claim for malicious prosecution. Accordingly, the Complaint fails to state a claim regarding any of the other officers. The claims against the officers other than Detective Robinson must be dismissed with prejudice.

In addition, the claim against Detective Robinson, who Plaintiff has alleged did participate in the investigation and preparation of the search warrant application, is deficient for other reasons. Plaintiff has failed to allege a favorable termination of the criminal proceedings. To the contrary, the

17

criminal proceedings remain pending.  Because a favorable termination of the criminal proceedings is a necessary element of a Fourth Amendment malicious prosecution claim, but the outcome of those proceedings is not yet determined, the claim against Detective Orlando Robinson will be dismissed without prejudice.

D.   Racial Profiling Claim

Plaintiff alleges that he was subjected to racial profiling.

"The Equal Protection Clause 'prohibits selective enforcement of the law based on considerations such as race.'" Thomas v. Independence Twp., 463 F.3d 285, 297 (3d Cir. 2006) (citing Whren v. United States, 517 U.S. 806, 813 (1996)).  To make out an equal protection claim in the racial profiling context, a plaintiff must establish that the actions of law enforcement officials "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose."  Bradley v. United States, 299 F.3d 197, 206 (3d Cir. 2002) (citations omitted).  To establish "discriminatory effect," a plaintiff must show that he is a member of a protected class and that he was treated differently from similarly situated individuals in an unprotected class.  Id.[7]

---

[7] This Court does not construe the Complaint as asserting a claim of selective prosecution, which requires that a claimant meet the high burden of demonstrating that a prosecutorial policy had a discriminatory effect and that the decision to prosecute was based on an impermissible motive such as race, religion, or the exercise of constitutional rights.  To establish a discriminatory effect in a race case, a claimant must show that

The mere allegation that the search warrant was not supported by probable cause is not sufficient to state a claim of racial profiling.  The allegations of the Complaint reflect that Detective Orlando Robinson was approached by a confidential informant with information about criminal activity by a black male identified as "Divine," that he pursued an investigation based upon that information, which led him to personally observe and identify Plaintiff as the object of the confidential informant's tip.  Nothing contained in the allegations of the Complaint suggests either a discriminatory motive or a discriminatory effect in the enforcement of the law with respect to Plaintiff.  This claim will be dismissed with prejudice.

E.   State Law Claims

Plaintiff's remaining allegations suggest state law tort claims, for example, allegations of libel, slander, and infliction of emotional distress.  Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.

The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the

---

similarly situated individuals of a different race were not prosecuted.  See United States v. Armstrong, 517 U.S. 456 (1996).

district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court will dismiss the state law claims without prejudice.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, the Fourth Amendment unlawful search claim will be stayed.  All other claims will be dismissed, as follows: the Fourth Amendment false arrest claim will be dismissed with prejudice; the Fourth Amendment malicious prosecution claim will be dismissed without prejudice as against Detective Orlando Bloom and will be dismissed with prejudice as against all other defendants; the racial profiling claim will be dismissed with prejudice; and all state law claims will be dismissed without prejudice.

It does not appear that Plaintiff could amend the Complaint at this time to state a viable claim.

An appropriate order follows.

 S/Joseph A. Greenaway, Jr.     
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  November 13, 2009